IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Yiwu Yanyuan Trading Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE DEFENDANT IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No. 25-cv-9926 |

**DECLARATION OF HUICHENG ZHOU**

I, Huicheng Zhou, declare as follows:

1. I am an attorney at law and attorney for Plaintiff Yiwu Yanyuan Trading Co., Ltd. Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. In my experience, in intellectual property cases involving a large number of defendants, it is common for defendants to use a variety of measures to promote their own interests. It is particular common for defendants located outside the United States.

3. In 2024, I was the attorney representing H&H Life, a defendant in a trademark infringement case. The case had over a hundred of defendants, and the court issued a temporary restraining order against the defendants restraining the online listings and transfer of assets of them. My client H&H Life opposed to the plaintiff's motion for preliminary injunction, which was granted to other defendants except as to my client. After that, the temporary restraining order against my client was expired and my client was no longer bound by any other restraint.

4. After the asset restraint was released, my client informed me that it did not wish to continue the litigation and will forfeit the online store and transfer all assets remaining to other accounts and entities. After learning about the issue, I withdrew from the case and ceased representation of the client. Afterwards, the plaintiff in the case moved for default against certain defendants including my previous client, and enforcing the default judgment order was foreseeably extremely difficult.

5. Based on my experience and research, this kind of strategy is very common among defendants in similar intellectual property cases, and without an *ex parte* order limiting defendants' capacity to transfer assets, many of them are likely to do the same, i.e., to close the store and transfer all assets overseas.

6. I believe an *ex parte* injunction order is one of the most effective ways to prevent this kind of behavior and ensure defendants' continued participation to the lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 27, 2025.

/s/ Huicheng Zhou
Huicheng Zhou
Attorney for Plaintiff