IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VANCUU SUPER INC., <br><br> Plaintiff, <br><br> v. <br><br> THE DEFENDANT IDENTIFIED ON SCHEDULE "A", <br><br> Defendant. | Case No. 25-cv-9926 <br><br> Judge: Honorable Andrea R. Wood |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER

Plaintiff VANCUU SUPER INC ("Plaintiff") submits this Memorandum in support of its Motion for Extension of a Temporary Restraining Order ("TRO") (the "Motion") by a period of fourteen (14) days until November 14, 2025.

On October 17, 2025, this Court entered the TRO against the Defendants identified on Schedule A to the Complaint. As of October 29, 2025, the third-party platforms have not completed effectuating the TRO and providing necessary information. Declaration of Huicheng Zhou, at ¶ 2. Plaintiff plans to freeze financial accounts identified by the third parties. *Id.*

By its terms, the temporary restraining order previously issues would only "remain in effect for fourteen (14) days" and expire after October 31, 2025. *See* Fed. R. Civ. P. 65(b)(2) ("The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.")

Rule 65(b)(2) states that a temporary restraining order entered without notice may be extended provided a party can show, prior to expiration of the order, good cause for such an

extension. Fed. R. Civ. P. 65(b)(2). There is "good cause" to extend such an order under Federal Rule of Civil Procedure 65(b)(2) where "the grounds for originally granting the temporary restraining order continue to exist." 11A Wright & Miller, Fed. Pract. & Proc. § 2953 (3d ed.). Plaintiff respectfully submits that there is good cause to extend the TRO. The grounds for Plaintiff's original Motion still exist: Defendants may choose to shut down their current e-commerce stores, withdraw the funds generated from their infringing activities, and transfer those funds to foreign accounts, making recovery virtually impossible and cause Plaintiff irreparable harm without the extension of the TRO.

There is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place. As discussed in Plaintiff's previous motion and as found by the Court in granting the TRO, this possibility of harm is significant. Accordingly, in the interest of justice, Plaintiff submits that extension of the TRO is necessary. In light of the above, Plaintiff respectfully requests that the TRO be extended for a period of fourteen (14) days until November 14, 2025.

Dated October 29, 2025.

> Respectfully submitted
> By: /s/ *Huicheng Zhou*
> Bar No. 350005
> Phone: 909-284-1929
> 2108 N ST STE #8330
> Sacramento, CA 95816
> Huicheng.zhou@aliothlaw.com
> *Attorney for Plaintiff*